**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ANDREW DOMINIC ROBINSON                                                PLAINTIFF
ADC# 652013

v.                                        5:10CV00322-DPM-JJV

RODERICK JOHNSON, Lt.
Varner Supermax, Arkansas
Department of Correction; *et al.*                                      DEFENDANTS

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

**<u>INSTRUCTIONS</u>**

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.   INTRODUCTION

Plaintiff, Andrew Robinson, filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983. He alleges that on April 16, 2010, the Defendants violated his constitutional rights when they used excessive force to subdue him. (*Id.* at 5). On June 30, 2011, Plaintiff was allowed to file an Amended Complaint.[1] (Docs. No. 9, 11.)

Pending is Defendants' Motion for Summary Judgment. (Doc. Nos. 49-52.) Plaintiff filed a Response. (Doc. No. 58.) After careful consideration of the pleadings, the Court concludes summary judgment is appropriate and this case should be dismissed.

## I.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S.

---

[1]It appeared that Plaintiff sued the Defendants in their official capacity only and, as such, his Complaint was subject to dismissal because he was seeking monetary relief from Defendants who were immune from such relief. *See Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743 (8th Cir. 1998); *Barnes v. State of Mo.*, 960 F.2d 63, 64 (8th Cir. 1992).

2

317, 321 (1986).   When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## II.   UNDISPUTED FACTS

Plaintiff names Lt. Roderick Johnson, Lt. Antwon Emsweller, Sgt. Christopher Sherrill, Sgt. Brian Perkins, Sgt. Tonda Spencer, Sgt. Michelle Rucker,[2] and Sgt. Mertha Jasper as remaining defendants in this matter.  He asserts that during an April 16, 2010, incident when he was forcibly extracted from his cell, the Defendants violated his Eighth Amendment rights.

Mr. Robinson's past disciplinary convictions – including assault against staff, battery against staff, failing to obey, indecent exposure, throwing fluids or excrement, insolence to staff, destruction of property – caused his transfer from the Varner Unit to Varner Supermax.  (Doc. No. 50 at 1-2.)

On April 16, 2010, Plaintiff was scheduled for cell reassignment. (Doc. No. 50 at 2.)  When Lts. Emsweller and Johnson arrived at his cell, he refused to submit to restraints.  (*Id.*)  After

---

[2]Plaintiff names Michelle Ruccer, but it appears her name is actually Michelle Rucker.  (*See* Doc. No. 49 at 1.)  The Clerk shall correct the docket sheet to reflect the correct spelling of this defendant's name.

Plaintiff refused to comply with several direct orders, the officers decided to "facilitate [a] planned use of force." (*Id.* at 3.)

Defendants cite to Administrative Directive 09-17, which is the ADC's policy on use of force. (*Id.* at 3.) The policy authorizes the use of non-deadly force when necessary to restrain, maintain, or regain control of an inmate. (*Id.*) Non-deadly force may also be used to protect individuals, to protect property, or to compel compliance with orders and includes the use of chemical agents. (Doc. No. 50 at 3.)

During his deposition, Plaintiff admitted he did not "submit to the cuffs" as directed. (Doc. No. 49-1 at 4.) He states he did not follow the officers' instructions because he "was in fear of [his] life." (*Id.*)

Officers then sprayed "three one-second bursts" of pepper spray into Plaintiff's cell. (Doc. No. 50 at 3.) Plaintiff remained huddled in a corner of his cell wrapped in a blanket with a thermal covering his mouth and nose. (*Id.*) Lt. Johnson then informed Warden Banks of the situation and requested authorization to use "sub-lethal munitions."[3] (*Id.* at 4.) Warden Banks authorized the increased force, but before employing it, Lt. Johnson warned Plaintiff to comply with orders or sub-lethal munitions would be used. (*Id.*) Plaintiff admittedly refused. (Doc. No. 49-1 at 6.) As a result, Lt. Johnson deployed a ".32 caliber stinger round" into Plaintiff's cell. When this had no effect, Lt. Johnson deployed a second "stinger" and one blast of pepper spray. (Doc. No. 50 at 5.)

Plaintiff admits that despite the weapons deployed, he refused to comply with orders to submit. (Doc. No. 49-1 at 7.) Then Lt. Johnson requested assistance from Sgt. Sherrill who retrieved an "O.C. Rubber Ball grenade" from the control booth. (Doc. No. 50 at 5.) When Sgt.

---

[3]Sub-lethal munitions are non-life threatening tools that deploy rubber balls or rubber balls containing pepper powder. (Doc. No. 50 at 37.)

Sherrill approached the cell, he gave Plaintiff three orders to submit and warned that failure to submit would result in the use of munitions.  (*Id.*)  Plaintiff refused and Sgt. Sherrill deployed the grenade.  (*Id.* at 6.)

Because none of the munitions had any effect, officers assembled an extraction team consisting of Sgts. Sherrill, Crompton, and Perkins, COII Williams, and Lt. Emsweller. (*Id.*) Nurse Robinson was also present.  (Doc. No. 50 at 6.)  Before entering the cell, Plaintiff was ordered again to submit or he would forcibly be removed from the cell.  (*Id.*)  Plaintiff refused to comply and the team forcibly removed him from his cell.  (*Id.*)  During the removal, Plaintiff resisted Sgts. Sherrill and Perkins's efforts to place him in handcuffs. (*Id.*)

The team then placed Plaintiff in an isolation shower area.  (*Id.* at 7.)  He was given medical attention and Nurse Robinson found no serious injury (*Id.* at 8) and Plaintiff did not describe any at that time.  (Doc. No. 49-1 at 8.)  Several witnesses stated Plaintiff continued to be "aggressive, angry and shouting obscenities."  (Docs. No. 49-2 at 3; 49-6 at 2; 49-9.)  He was placed on behavior control and issued a major disciplinary.  (Doc. No. 49-2 at 10).

## III.    ANALYSIS

### A.    Excessive Force

The Eighth Amendment protects incarcerated prisoners from cruel and unusual punishment, and this protection is grounded upon their right to be free from unnecessary and wanton infliction of pain at the hands of correctional officers.  *Jones v. Shields*, 207 F.3d 491, 494-95 (8th Cir. 2000).  "Not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  The Eighth Amendment's prohibition on cruel and unusual punishment does not extend to "*de minimus* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Id.* at 9-10.

When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the key judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6; *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). Factors to be considered when deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injuries. *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002). Summary judgment on an excessive force claim is appropriate only if no reasonable jury could find that the correctional officers used force against an inmate maliciously and sadistically for the purpose of causing harm. *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994).

Defendants Johnson, Emsweller, Sherrill, and Perkins argue that they are entitled to summary judgment as a matter of law because the force they used was justified under the circumstances and applied in a good faith manner to maintain and restore discipline. (Doc. No. 51 at 4). Whether a situation justifies the use of force to maintain or restore discipline is a fact-specific issue that turns on the circumstances of the individual case or the particular prison setting. *Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006) (quotations omitted).

1.     Chemical Agents and Non-lethal Munitions

When Plaintiff refused to comply with three direct orders to submit to restraints, three one-second bursts of pepper spray were dispersed into his cell. The spray had no effect on him because he was huddled in a corner under a blanket covering his mouth and nose. Despite several warnings that refusal to obey orders would result in deployment of sub-lethal munitions, Plaintiff remained defiant. As a result, Defendants used sub-lethal munitions in an attempt to gain control over

Plaintiff.

Plaintiff's actions wholly caused the use of force by Defendants.  At any time, Plaintiff could have followed the officers' instructions and avoided the use of force.  And at every stage of deployment of force, Defendants attempted to end the situation by giving Plaintiff warnings. Therefore, under the circumstance created by Plaintiff, the Defendants' use of chemical agents and sub-lethal munitions were good-faith efforts to gain control over him and were not undertaken with a purpose to maliciously and sadistically cause harm.  Furthermore, when compared to the other forms of force available to prison officials, the use of a chemical agent by prison officials to control a recalcitrant inmate is considered a tempered response.  *Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000).

Accordingly, the Court finds that there are no genuine issues for trial regarding Plaintiff's excessive force claim.  The use of force was undertaken in good faith and not with a malicious and sadistic intent.  Plaintiff, therefore fails to state an excessive force claim and Defendants Johnson, Emsweller, Sherrill, and Perkins are entitled to summary judgment on this point alone.

**B.      Conditions of Confinement**

In his Amended Complaint, Plaintiff asserts that while on behavior control, he was placed in a cold cell with no shirt, shoes, socks, sheets, or blanket.  (Doc. No. 11, at 5.)  He stated in his deposition that the temperature in the cell left him "chilled to the bone."  (Doc. No. 49-1 at 10.)

A prisoner's conditions of confinement are also subject to scrutiny under the Eighth Amendment.  *Davis v. Oregon Cnty., Missouri*, 607 F.3d 543, 548 (8th Cir. 2010).  The Constitution, however, does not mandate comfortable prisons and only those deprivations denying the minimal civilized measures of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Conditions of confinement will

constitute cruel and unusual punishment only when they have a mutually enforcing effect that produces the deprivation of a single identifiable human need such as food, warmth, or exercise. *Id.* at 304; *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 957 (8th Cir. 1994).

To prevail on an Eighth Amendment conditions of confinement claim, an inmate must prove both an objective and a subjective element. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998). First, the alleged deprivation must be objectively, sufficiently serious in that the prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities, or the inmate was incarcerated under conditions posing a substantial risk of serious harm. *Id.*; *see Johnson v. Boyd*, 676 F. Supp. 2d 800, 807 (E. D. Ark. 2009). Second, the prison official, subjectively, must act with deliberate indifference to inmate health or safety. *Simmons*, 154 F.3d at 807. Absent a showing that the prison officials consciously understood that prison conditions created an excessive risk to an inmate's health and safety, the conditions are not a punishment within the meaning of the Eighth Amendment. *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995).

Defendants argue they are entitled to summary judgment because Plaintiff is unable to establish the objective and subjective elements necessary for a conditions of confinement claim. In support, they submit the ADC Behavior Control Policy which provides that inmates on behavioral control are permitted a blanket, appropriate undergarments, a paper gown, and a small quantity of toilet paper. (Doc. No. 49-12 at 2). Inmates are not, however, allowed privileges, such as commissary, telephone, library, visitation, razors, or nail clippers. (*Id.*)

Defendants also submit evidence establishing that while on behavior control, Plaintiff was provided boxer shorts, a small amount of toilet paper, a blanket, and three meals a day. (Doc. No. 49-2 at 4, 6; Doc. 49-12 at 2-3). He had access to a sink, toilet, and shower. (Doc. No. 50 at 85). Further, Defendants show that following his placement in behavior control, Plaintiff did not lodge

a complaint regarding his conditions of confinement.  (Doc. No. 49-2 at 39.)

Viewing the evidence in a light most favorable to Plaintiff, the Court finds that he was not denied the minimal civilized measures of life's necessities or subjected to conditions posing a substantial risk of serious harm.  *See O'Leary v. Iowa State men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (several days without underwear, blankets, mattress, exercise, or visits did not violate an inmate's Eighth Amendment rights); *Williams v. Delo*, 49 F.3d 442, 445-446 (8th Cir. 1995) (four days without clothing, blanket, mattress, water, or personal hygiene items did not violate an inmate's Eighth Amendment rights).  Nor does the evidence establish that Defendants were deliberately indifferent to Plaintiff's health or safety.  Plaintiff fails to establish the subjective and objective elements necessary for stating a conditions of confinement claim.  Defendants are, therefore, entitled to summary judgment as a matter of law.

## IV.    CONCLUSION

1.    Defendants' Motion for Summary Judgment (Doc. No. 49) should be GRANTED.

2.    This cause of action should be DISMISSED with prejudice.

3.    The Court should certify pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 9th day of July, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE