IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANDREW DOMINIC ROBINSON                                              PLAINTIFF
ADC# 652013

v.                              No. 5:10-cv-322-DPM-JJV

RODERICK JOHNSON, Lt., Varner Super Max, ADC;
ANTWON EMSWELLER, Lt., Varner Super Max, ADC;
CHRISTOPHER SHERRILL, Sgt., Varner Super Max, ADC;
BRIAN PERKINS, Sgt., Varner Super Max, ADC;
TONDA SPENCER, Sgt., Varner Super Max, ADC;
MICHELLE RUCCER, Sgt., Varner Super Max, ADC; and
MERTHA JASPER, Sgt., Varner Super Max, ADC              DEFENDANTS

ORDER

Robinson objects, № 66, to Magistrate Judge Volpe's recommendation that the Court grant the ADC Defendants summary judgment on Robinson's excessive-force and conditions-of-confinement claims. № 63. The Court reviews *de novo*. FED. R. CIV. P. 72 (b)(3).

There's a procedural hiccup. When it became clear that Robinson had not received the ADC Defendants' dispositive-motion papers, Judge Volpe ordered the Clerk to mail a copy to Robinson and extended his response time twenty-one days, which gave Robinson until 8 July 2013 to be heard. № 61. The Clerk mailed the papers immediately, according to the docket sheet.

Robinson did not respond. And on 9 July 2013 Judge Volpe recommended granting the motion and ending the case. The recommendation, though, says that Robinson did respond to the motion for summary judgment, № 63 at 2, citing Robinson's earlier paper about not having gotten the motion for summary judgment to begin with. This paper had drifted into why the dispositive motion should be denied, too. № 58.

Robinson has filed a timely objection. № 66. He has also filed a response to the motion for summary judgment (twice), № 64 & 67, and two (substantially similar) responding Rule 56.1 statements about supposedly disputed facts, № 65 & 68.[*] Robinson explains, under penalty of perjury, his untimely responses: his legal mail was being returned to him, and there were delays in getting copies made. № 66 at 2, 7. Considering all the material circumstances — including the age of this case, the need for a final resolution, Robinson's eleven days of tardiness, and the reasons for it — everything that has been filed merits consideration on *de novo* review. The Court also ordered

---

[*] The Court directs the Clerk to correct the docket: № 64 is a response to the motion for summary judgment, not an objection to the recommended disposition; and № 65 & 68 relate more to the motion for summary judgment than to the recommended disposition.

the record supplemented with the complete transcript of Robinson's deposition. № *69*; FED. R. CIV. P. 72(b)(3). The transcript was received and considered. № *70*.

The Court adopts the recommendation on Robinson's conditions-of-confinement claim and overrules the objection. Considering all the disputed facts in Robinson's favor, including those reflected in the new materials, the conditions in which Robinson was held for three days after being forcibly removed from his cell did not offend the Constitution as a matter of law. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

The Court declines to accept the recommendation about the excessive-force claim. It was made without the benefit of Robinson's various responding papers. The ADC Defendants' removal of Robinson from his cell was, the parties agree, videotaped. Assuming the tape still exists, a copy of it needs to be part of the record. FED. R. CIV. P. 72(b)(3); *Scott v. Harris*, 550 U.S. 372, 378-81 (2007). Supplement due by 23 August 2013.

\* \* \*

Motion for summary judgment, № *49*, granted in part and held in

abeyance in part. Robinson's conditions-of-confinement claim is dismissed with prejudice. A copy of the video on a DVD is due by 23 August 2013. The matter is returned to Judge Volpe for another recommendation based on a more-complete record.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

15 August 2013