IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANDREW DOMINIC ROBINSON					PLAINTIFF
ADC# 652013

v.					No. 5:10-cv-322-DPM-JJV

RODERICK JOHNSON, Lt.,Varner Super Max, ADC;
ANTWON EMSWELLER, Lt., Varner Super Max, ADC;
CHRISTOPHER SHERRILL, Sgt.,Varner Super Max, ADC;
BRIAN PERKINS, Sgt.,Varner Super Max, ADC;
TONDA SPENCER, Sgt.,Varner Super Max, ADC;
MICHELLE RUCKER, Sgt.,Varner Super Max, ADC;
and MERTHA JASPER, Sgt.,Varner Super Max, ADC			DEFENDANTS

ORDER

The Court overrules Robinson's objections, including those made after he had the opportunity to watch the DVD of the cell-removal incident and take notes, № 79 & 87, and adopts Judge Volpe's recommendation as modified and supplemented. Memories fade and vary, but the recording of the incident shows what happened. To the extent the officers' affidavits and Robinson's deposition testimony differ from the recording, the DVD establishes the undisputed facts. *Scott v. Harris*, 550 U.S. 372, 378-81 (2007). No party challenges the authenticity, completeness, or reliability of the DVD. The recording is not movie quality; it is troubling to watch in places – the

harsh reality of a maximum security prison is manifest; and the audio is sometimes hard to follow because of the amount of other noise and the difficulty of discerning who is speaking. But the recording makes some things clear beyond reasonable dispute:

- Robinson refused to take the cuffs and relocate, and instead holed-up in the corner of his darkened cell;

- As increasing force was deployed to get him to submit, Robinson was repeatedly directed to take the cuffs and did not do so;

- The escalation of force was methodical and done over an extended period — approximately one hour;

- The recording does not confirm that the officers warned Robinson each time that a particular kind of extra force was about to be used. Taking the record in the light most favorable to Robinson, no such particularized warnings were given. This violated ADC policy. № 49-10 at 1. The violation is evidence of a constitutional problem. *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002); *Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006);

- Considering all the undisputed circumstances, including the policy violation, no jury question is created. Robinson was clearly ordered to take the cuffs over and over during the approximately one-hour stand-off. He never obeyed. His admitted and continued disobedience of these reasonable orders, which implicated the safety of all concerned, was adamant. This is not a case like *Treats*, where pepper spray was used out of the blue when an inmate refused to take his copy of a form in non-threatening circumstances. 308 F.3d at 872. Robinson knew he was supposed to relocate and simply decided he was not going to go until forced. The amount of force used was a product of

-2-

Robinson's recalcitrance;

- Robinson could have stopped all this at any time by submitting, but did not do so, he says because he feared two particular officers (Johnson and Emsweller). № 70-1 at 22–28. His concerns, though, cannot be a blank check for sustained disobedience of routine orders from several prison staff to be handcuffed for relocation. Many officers beyond these two were involved. Robinson has not offered sufficient evidence that would support a fact-finder in concluding that his continuing disobedience was justified in the circumstances;

- How Sergeant Sherrill decided to hold the cuffs in his hand before he entered the cell to extract Robinson does not give rise to a reasonable inference that Sherrill was going to use them like brass knuckles. He was clearly trying to find the best way to have the cuffs handy. And as best the Court can see, the video does not show Sherrill throwing blows;

- The officer's statement along the lines—"there's no way he can take that powder"—was a hopeful commentary, as Judge Volpe noted, not a statement of malice or sadism;

- The officers do not appear angry or vengeful; and

- At the end of the stand-off, Robinson was lucid, ambulatory, taunting the officers about how many people were needed to subdue him, and bragging that he had not been hurt by the whole thing.

Add to all this Robinson's undisputed history of violence against prison personnel. Viewed in the light most favorable to Robinson but placing particular weight on the recording, the evidence as a whole would not

-3-

support a reliable inference of wanton infliction of pain. *Johnson v. Bi-State Justice Ctr./Arkansas Dep't of Corr.*, 12 F.3d 133, 136 (8th Cir. 1993).

The motion for summary judgment on Robinson's excessive-force claim, № 49, is granted.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 February 2014